UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT GILLESPIE, on behalf of the ESTATE OF GREGORY GILLESPIE, and VINCENT GILLESPIE, individually, <br><br> Plaintiff, <br><br> v. <br><br> ELSPETH CYPHER, individually and in her (previous) capacity as a Judge of the Mass. Court of Appeals; JOSEPH TRAINOR, individually, and in his (previous) capacity as a Judge of the Mass. Court of Appeals; GREGORY MASSING, individually, and in his capacity as a Judge of the Mass. Court of Appeals; KENNETH DESMOND, JR., individually, and in his capacity as a Judge of the Mass. Court of Appeals; and the HAMPSHIRE SUPERIOR COURT, <br><br> Defendants. | Civil Action No. 20-cv-30050-MGM |

REPORT AND RECOMMENDATION CONCERNING DEFENDANTS'
MOTION TO DISMISS
(Dkt. No. 18)

ROBERTSON, U.S.M.J.

I.    Introduction

On August 27, 2020, Vincent Gillespie ("Plaintiff"),[1] a self-represented party, filed his Second Amended Complaint (hereinafter "Complaint" ) in this civil action pursuant to 42 U.S.C.

---

[1] Plaintiff purports to bring this suit on his own behalf and on behalf of the Estate of Gregory Gillespie. The suit seeks relief from an award of appellate attorney's fees and double costs entered against Vincent Gillespie in a suit filed in the Massachusetts trial court by Vincent Gillespie individually and on behalf of the Estate of Gregory Gillespie. "An individual appearing *pro se* [in an action in this court] may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf." Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. This rule bars Plaintiff from representing the Estate of Gregory Gillespie in the instant case.

1

§ 1983 ("§ 1983"), stating claims against Elspeth Cypher, Joseph Trainor, Gregory Massing, and Kenneth Desmond, Jr., individually and in their official capacity for actions they took as Associate Justices of the Massachusetts Appeals Court (hereinafter, "Justices"), and against the Hampshire County Superior Court (collectively, "Defendants"). In summary, the Complaint seeks a declaration that the Justices violated Plaintiff's due process rights when they assessed attorney's fees and double costs against Plaintiff in an appeal from a judgment entered by the Superior Court Department of the Massachusetts Trial Court and an injunction against the Hampshire County Superior Court to preclude a proceeding in that forum to collect the award of fees and costs. Before the court is Defendants' Motion to Dismiss, which was referred to me for Report and Recommendation (Dkt. No. 32). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). For the reasons set forth below, I recommend that Plaintiff's Complaint be dismissed with prejudice as to all Defendants.

II.  Relevant background

The factual background provided here is derived from the Complaint and incorporated documents. On or around April 25, 2003, Plaintiff filed a state court complaint against Peggy Gillespie, his stepmother and the widow of his father (Compl. ¶ 9). Attorneys Sandra Staub and David Angier represented Ms. Gillespie (Compl. ¶ 10). Ms. Staub and Mr. Angier obtained summary judgment in Ms. Gillespie's favor. According to Plaintiff, this outcome was the result of misconduct by Ms. Staub and Mr. Angier. The Massachusetts Appeals Court ("MAP") affirmed the trial court judgment on February 7, 2011 and the Massachusetts Supreme Judicial Court ("SJC") denied further appellate review on April 27, 2011 (Compl. ¶ 12).

On April 28, 2014, Plaintiff filed a state court action against Ms. Staub, Mr. Angier, and Ms. Gillespie, alleging – in an amended complaint – denial of access to the courts, abuse of

process, and civil conspiracy (Compl. ¶ 13).  On April 29, 2015, a Superior Court judge dismissed this second case on statute of limitations grounds (Compl. ¶ 15).  Plaintiff appealed from the judgment, raising a variety of arguments (Compl. ¶ 17).  On March 23, 2017, the MAP affirmed the trial court's dismissal in a summary decision (Compl. ¶ 19 & Exh. 1), further concluding that the defendants were "entitled to reasonable attorney's fees and double costs under Mass. R.A.P. 25, as appearing in 376 Mass. 949 (1979)."  The MAP directed that the defendants file statements of their appellate attorney's fees and costs with appropriate supporting material (Compl. Exh. 1).[2]  On May 3, 2017, having reviewed the defendants' fee and costs petition and Plaintiff's response thereto, the MAP awarded Ms. Staub "attorney's fees in the amount of $4,920.00 and double costs of $40.38 for a total of $4,960.38" (Compl. Exh. 2).[3]  The MAP's May 3, 2017 order – captioned Notice of Docket Entry – directed that any proceedings to enforce the order awarding fees and costs should be "commenced in the Trial Court" (Compl. Exh. 2).  The MAP denied Plaintiff's subsequent petition for rehearing and his motion for

---

[2] Massachusetts Rule of Appellate Procedure 25 provides as follows:

> Damages for Frivolous Appeal in Civil Cases
>
> If an appellate court determines that an appeal in a civil case is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of judgment as may be allowed by law.  The appellate court shall calculate the amount of any award after a separately filed motion or notice from the court and a reasonable opportunity to respond.

Mass. R. App. P. 25.  The Massachusetts appellate courts "interpret the 'just damages' of a frivolous appeal to include typically the attorney's fees caused to the appellee." *City of Worcester v. AME Realty Corp.*, 928 N.E.2d 656, 663 (Mass. App. Ct. 2010) (citing *Price v. Cole*, 574 N.E.2d 403, 406-07 (Mass. App. Ct. 1991); *Hoppe v. Haskins*, 560 N.E.2d 746, 749 (Mass. App. Ct. 1990); *Allen v. Batchelder*, 459 N.E.2d 129, 132 (Mass. App. Ct. 1984)).

[3] Plaintiff seems to assume that the MAP awarded fees and costs to Ms. Staub, Mr. Angier, and Ms. Gillespie.  The MAP's May 3, 2017 order states that Ms. Staub was the only defendant to file an application for attorney's fees and double costs and the order speaks in terms of an award of attorney's fees and costs to "the defendant," rather than "the defendants" (Compl. Exh. 2).

3

clarification (Compl. Exhs. 3 & 4). Plaintiff "has not paid the sanctions at this time, and … he so far has received almost no pressure from anyone to pay them," but he anticipates that this situation will change (Compl. ¶ 26).

Plaintiff alleges that the Justices' decisions and orders awarding fees and costs against him, an award which he characterizes as a sanction, violated his Fifth Amendment right against deprivation of property without due process of law when "they issued sanctions against him without notice and an opportunity to be heard" (Compl. ¶ 31). He contends that the award of fees and costs was so outside the norm that the Justices might be found to have acted in their individual rather than their official capacities and so they might not "have judicial immunity for their misconduct here" (Compl. ¶ 32). If, however, they are found to be acting in their official capacities, then, he contends, "declaratory relief would still be an available remedy" (Compl. ¶ 33). The declaratory relief he requests is a declaration "stating that the 5/3/2017 decision is unconstitutional and therefore void and unenforceable" (Compl. at 14).

Plaintiff claims he is entitled to an injunction against the Hampshire County Superior Court to prevent that court from adjudicating a proceeding to enforce the award for fees and costs because the Hampshire County Superior Court would likely consider itself bound by the decisions of the MAP and the SJC's denial of further appellate review (Compl. ¶¶ 27-29).

III. Discussion

A. Standard of review

The defendants move for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The standards of review for such motions are essentially the same:

> "A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is appropriate when the plaintiff lacks standing to bring the claim." *Oum v. Wells Fargo, N.A.*, 842 F. Supp. 2d 407, 411 (D. Mass. 2012), *abrogated on other grounds by Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir.

> 2013) (quoting *Edelkind v. Fairmont Funding, Ltd.*, 539 F. Supp. 2d 449, 453 (D. Mass. 2008)).  Courts assess such motions using the familiar standard applicable to motions filed under Federal Rule of Civil Procedure 12(b)(6): a complaint's well-pleaded facts must be credited as true, and all reasonable inferences from the complaint must be drawn in the plaintiff's favor.  *See, e.g., Kerin v. Titeflex Corp.*, 770 F.3d 978, 981 (1st Cir. 2014); *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (citing *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006)); *Igartua v. United States*, 86 F. Supp. 3d 50, 53 ((D.P.R. 2015) (citing *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994)).  However, a party's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" merit no assumption of truth.  *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 5-6 (1st Cir. 2005) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Oyola v. Cavalry SPV I, LLC*, CIVIL ACTION NO 4:17-cv-40083-TSH, 2018 WL 1940313, at *3 (D. Mass. Mar. 1, 2018).  When ruling on a Rule 12(b)(1) motion that asserts a lack of subject matter jurisdiction as a basis for dismissal, a court may look beyond the four corners of the complaint by which it is generally constrained under Rule 12(b)(6) and rely on "whatever evidence has been submitted."  *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996).  Plaintiff bears the burden of establishing the court's subject matter jurisdiction.  *See, e.g., Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Marcello v. Maine*, 464 F. Supp. 2d 38, 41 (D. Me. 2006).

    B.  <u>Analysis</u>

In seeking dismissal of the Complaint, Defendants argue, *inter alia,* that: (1) the court lacks jurisdiction over the claims in the Complaint under the *Rooker-Feldman* doctrine; (2) judicial immunity bars Plaintiff's claims against the Justices because the award of attorney's fees and costs was an adjudicatory function the exercise of which is protected by judicial immunity; and (3) the Hampshire County Superior Court is not a person subject to suit for purposes of § 1983.  Further, Plaintiff is not entitled to the declaratory relief he seeks.  Because this court finds that each of these grounds or a combination of these grounds so clearly requires dismissal of this

action and makes its recommendations in accordance with these findings, the court need not reach the additional arguments for dismissal raised by the defendants. *See, e.g., Watson v. Ordonez*, 318 F. Supp. 456, 460 (D. Mass. 2018) ("Because the court finds that the case must be dismissed under *Younger*, it need not consider alternative arguments for dismissal raised by defendants."); *Werner v. Wall*, No. Civ.A 06-3IT, 2006 WL 2559484, at *3 (D.R.I. Aug. 31, 2006) (declining to address the defendants' second ground for dismissal after recommending dismissal on the first ground).

1. Plaintiff's Claims Against the Justices are Subject to Dismissal.

    a. The case is barred by the *Rooker-Feldman* doctrine.

Defendants contend that Plaintiff's claims in this case are barred by the *Rooker-Feldman* doctrine, which states that a federal trial court cannot exercise jurisdiction to review a final judgment entered by a state court. Plaintiff responds that he is not challenging the merits of the MAP decision (although he disagrees with it) but has filed suit claiming a violation of his right to due process because the court allegedly granted Ms. Staub attorney's fees and costs without giving Plaintiff notice and the opportunity to be heard (Dkt. No. 23 at 5-7). The distinction Plaintiff seeks to draw is neither recognized nor workable. Because Plaintiff is complaining about injuries caused by a state court judgment that, he admits, became final before he filed this suit, Defendants are correct that this court lacks subject matter jurisdiction to review his claims. I recommend dismissal on this basis.

"Congress granted authority for a federal court to review a state court judgment solely to the Supreme Court." *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 79 (D. Mass. 2015) (citing 28 U.S.C. § 1257(a)). The *Rooker-Feldman* doctrine is based on two cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the

*Rooker-Feldman* doctrine, federal district courts lack authority to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Tyler v. Supreme Judicial Court of Mass.*, 292 F. Supp. 3d 555, 558-59 (D. Mass. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine reflects the principle that federal trial courts do not sit as appellate courts to review state court decisions. Instead, the proper and only forum for challenging a final state court ruling that allegedly violates a party's federal constitutional rights is the United States Supreme Court. *See Davison v. Gov't of P.R. – P.R. Firefighters Corp.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."); *see also Marcello*, 464 F. Supp. 2d at 44-45 (the *Rooker-Feldman* doctrine precludes judicial review of state court decisions even when the state court judgment is challenged as unconstitutional) (quoting *Wang v. N.H. Bd. of Registration in Med.*, 55 F.3d 698, 703 (1st Cir. 1995)).

In *Davison*, the First Circuit rejected arguments made by the plaintiffs that are similar to the arguments advanced by Plaintiff in the instant case. The *Davison* plaintiffs "challenged the conduct of the . . . courts of Puerto Rico" on the grounds that the courts' conduct during prior proceedings violated their substantive due process rights. *Davison*, 471 F.3d at 223. The Plaintiffs argued that their claims were not barred by the *Rooker-Feldman* doctrine because they were challenging, among other things, the state courts' refusal to hear their claims on statute of limitations grounds. *Id.* The First Circuit held that, although the plaintiffs were challenging the state court process rather than substantive legal decisions, they were nonetheless alleging that their injury resulted from the state court's refusal to grant them relief. The *Rooker-Feldman*

doctrine, said the First Circuit, barred the federal trial and intermediate appellate courts from deciding that the state courts of Puerto Rico had "wrongly decided Plaintiffs' claim." *Id. See also McKenna v. Curtin*, 869 F.3d 44, 47-49 (1st Cir. 2017) (affirming the federal district court's ruling that, under the *Rooker-Feldman* doctrine, it lacked jurisdiction to review a state court disciplinary decision suspending the plaintiff's license to practice law). Here, too, the injury Plaintiff complains of arises directly from the March 23, 2017 judgment and the related decisions of the MAP, in which Justices Cypher, Trainor, Desmond, and Massing ruled that the defendants were entitled to recover reasonable attorney's fees and double costs pursuant to Mass. R. App. P. 25 and determined the amount of the award because, the Justices concluded, Plaintiff's appeal from the judgment entered by the trial court was frivolous (Dkt. No. 16-1 at 3). *See* Mass. R. App. P. 25. Plaintiff "invites district court review and rejection of those judgments [and orders]." *DuLaurence*, 94 F. Supp. 3d at 79. Because Plaintiff's claims "are directly and inextricably tied to the state court judgments [and orders] themselves," they fall well within the scope of the *Rooker-Feldman* doctrine and cannot be reviewed by this court. *Id.* at 80.

The *Rooker-Feldman* doctrine applies only when the related state court action has concluded. There is no doubt that the MAP's March 23, 2017 decision and its related orders, including its May 3, 2017 docket entry determining the amount of the attorney's fees and costs, ended Plaintiff's 2014 state court lawsuit for *Rooker-Feldman* purposes. According to Plaintiff, he filed an application for further appellate review of the judgment in the 2014 case, including the award of attorney's fees and costs. The SJC denied further appellate review on July 27, 2017 (Compl. ¶ 25). "[W]hen the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended[,]'" *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*,

8

410 F.3d 17, 24 (1st Cir. 2005), and the *Rooker-Feldman* doctrine bars review by a lower federal court. This principle applies when a plaintiff challenges an award of attorney's fees in a judgment as to which the SJC has denied further appellate review. *See DuLaurence*, 94 F. Supp. 3d at 77-81 (finding that the *Rooker-Feldman* doctrine prevented the federal district court from reviewing the plaintiff's challenge to a judgment awarding attorney's fees pursuant to the Massachusetts anti-SLAPP statute, Mass. Gen. Laws ch. 231, § 59H).

When, as in this case, "a plaintiff implicitly or explicitly seeks review and rejection of the state judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts." *Federacion de Maestros de P.R.*, 410 F.3d at 24. Plaintiff's due process claims asks this court to review the MAP's decision to award attorney's fees and costs against Plaintiff, "and to find error that entitles him to relief from the state court judgments [and orders]." *DuLaurence*, 94 F. Supp. 3d at 81. The *Rooker-Feldman* doctrine is designed to address this situation. The federal district court lacks jurisdiction to consider whether the Justices of the MAP violated Plaintiff's due process rights when they awarded Ms. Staub attorney's fees and costs. For this reason, I recommend that the court dismiss so much of Plaintiff's complaint as asserts claims against the Justices on *Rooker-Feldman* grounds.

    b.  The Justices are entitled to judicial immunity.

Even if the court had jurisdiction to consider Plaintiff's claims against the Justices, which it does not, the Justices would be shielded by judicial immunity from Plaintiff's claims. The Justices invoke judicial immunity on the basis that the decision to award fee and costs was an adjudicatory act (Dkt. No. 19 at 10). Judicial immunity is an affirmative defense that may be raised by a Rule 12(b)(6) motion to dismiss "'provided that the facts establishing the defense

9

[are] clear on the face of the complaint" *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (quoting *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 113-14 (1st Cir. 2009)), as they are in this case. Plaintiff's response is to argue that judicial immunity does not bar claims that seek only injunctive or declaratory relief. Plaintiff is wrong.

Section 1983, as amended in 1996, provides, in pertinent part, that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State … subjects or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. In *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Supreme Court held that a judicial officer acting in his or her judicial capacity is not immune from a suit under § 1983 seeking prospective injunctive relief. "Congress responded to *Pulliam* in 1996 by amending § 1983 to abrogate its holding." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019). Following the 1996 amendment to § 1983, "'judicial immunity typically bars claims for prospective injunctive relief against judicial officers acting in their judicial capacity.'" *Id.* (quoting *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-CV-02819-RDP, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014)). All of the cases on which Plaintiff relies to argue that the Justices are not immune from his claims preceded the 1996 amendment to § 1983 (Dkt. No. 23 at 3-5). Plaintiff neither acknowledges nor addresses the purpose and effect of the amendment.

Plaintiff hints in the Complaint that the Justices were not acting in their official capacity when they awarded attorney's fees and costs against him (Compl. ¶ 32). A judge who is performing an act normally performed by a judge and with whom the parties are dealing in his or

10

her judicial capacity is protected by judicial immunity unless the act is performed in the complete absence of jurisdiction.  *See Guzman*, 924 F.3d at 617 (citing *Mireles v. Waco*, 502 U.S. 9, 11-12(1991); *Forrester v. White*, 484 U.S. 219, 227-28 (1984); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  Plaintiff does not claim that in awarding fees and costs the Justices were acting outside of their jurisdiction, nor could he persuasively do so.  Plaintiff appealed from an adverse judgment entered against him by the Massachusetts Superior Court.  The Justices were assigned to rule on his appeal and related motions, acts that were squarely within their jurisdiction as justices of the MAP; the initial award of fees and double costs was made in the context of the Justices' ruling on Plaintiff's appeal (Compl. ¶ 19 & Exh. 1).  The decision to award attorney's fees and double costs was based on Mass. R. App. P. 25, which, as set forth above, provides that justices of the MAP may award attorney's fees and multiple costs against a party when the justices assigned to rule on an appeal determine that the appeal is frivolous.

      The determination that Plaintiff's appeal was frivolous was a conclusion based on the legal analysis the Justices performed in considering and denying Plaintiff's appeal.  Such legal analysis and decision-making are at the heart of the judicial function.  *See Marcello*, 464 F. Supp. 2d at 43 (noting that legal rulings are a core judicial function); *see also Aldrich v. Considine*, Civil Action No. 13-11405-DPW, 2013 WL 4679722, at *5 (D. Mass. Aug. 29, 2013) ("[T]raditional judicial functions include such things as 'weighing evidence, making factual findings, reaching legal determinations, choosing sanctions, and expounding reasons for [] decisions.'") (quoting *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013)).  "Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act." *Beck v. Plymouth Cty. Superior Ct.*, 511 F. Supp. 2d 203, 206 (D. Mass. 2007).  "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how

informal the proceeding or how malicious the motive." *Id.* (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). Thus, to the extent Plaintiff contends that clear error infected the Justices' award of attorney's fees and costs to his opponent, that contention is irrelevant.

Furthermore, Plaintiff is not entitled to the declaratory relief he seeks. Plaintiff seeks a declaration "stating that the 5/3/2017 decision is unconstitutional and therefore void and unenforceable" (Compl. at 14). "[T]here is no equitable basis for the grant of declaratory relief against a judge … where [Plaintiff] does not seek prospective relief. The acts of which he complains have already occurred and he seeks a declaration that the defendants violated his constitutional rights (in the past)." *Aldrich*, 2013 Wl 4679722, at *7 (citing *Clay v. Osteen*, No. 1:10CV399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010)). This he cannot do. "Declaratory relief applies only to prospective relief, to define legal rights in connection with *future* conduct." *Id.* (citing *Abebe v. Seymour*, C.A. No. 3:12-377-JFA-KDW, 2012 WL 1130667, at *2-3 (D.S.C. Apr. 4, 2012); *Clay*, 2010 WL 4116882, at *4; *Willner v. Frey*, 421 F. Supp. 2d 913 (E.D. Va. 2006), *aff'd* 243 F. App'x 744 (4th Cir. 2007), *cert. denied*, 552 U.S. 1166 (2008)); *see also Zenon*, 924 F.3d at 615, 617-21 (denying plaintiff's claim for declaratory relief on the grounds of judicial immunity); *Picciotto v. Zabin*, 399 F. App'x 604, 605 (1st Cir. 2010) (holding that the appellants lacked standing to seek declaratory relief where all they averred was that the judges had violated their constitutional rights during a case that had been concluded) (citing *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969)); *Lawrence v. Kuenhold*, 271 F. App'x. 763, 766 (10th Cir. 2008) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.") (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004); *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 676-77

(10th Cir. 1991)).  Even if Plaintiff were to amend his complaint to seek a declaratory judgment defining the legal rights and obligations of the parties regarding some future conduct, such as, for example, the handling of future cases he might file, "it is beyond the powers of a federal court to promulgate rules for a state court."  *Nollet v. Justices of Trial Court of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000) (dismissing a claim seeking a decree commanding the Family and Probate Court to "adopt measures to prevent discrimination against men").

It is worth noting that Plaintiff would not be entitled to the declaratory relief he seeks against the Justices under Massachusetts law.  The Massachusetts statute that sets forth the controversies to which the Commonwealth's declaratory judgment procedure applies provides, in pertinent part, as follows:

> Said [declaratory judgment] procedure under section one may be used in the superior court to enjoin and to obtain a determination of the legality of the administrative practices and procedures of any municipal, county or state agency or official which practices and procedures are alleged to be in violation of the Constitution of the United States or of the constitution or laws of the commonwealth, or are in violation of rules or regulations promulgated under the authority of such laws, which violation has been consistently repeated; provided, however, that *this section shall not apply to the governor and council or the legislative and judicial departments*.

Mass. Gen. Laws ch. 231A, § 2 (emphasis added).  *Cf. Fathers & Families, Inc. v. Chief Justice for Admin & Mgmt. of the Trial Court*, 952 N.E.2d 914, 916 (Mass. 2011) (holding that the declaratory judgment statute prohibits any action against the judicial department and therefore precluded plaintiff's action against the chief justice of the trial courts that sought a declaration that newly promulgated child support guidelines were unconstitutional).

Plaintiff's Complaint fails to state viable claims against the Justices that can be considered or ruled upon by this court.  In view of the relief Plaintiff seeks, amendment to the Complaint will not cure its deficiencies.  Accordingly, I recommend that the claims against the

Justices be dismissed with prejudice.

    2. <u>Plaintiff Cannot State a Claim Against the Hampshire County Superior Court or its Clerk Pursuant to § 1983</u>

Plaintiff further seeks an injunction "prohibiting the Hampshire Superior Court from adjudicating any proceeding to enforce the Mass Appeals Court's 5/3/2017 decision" (Compl. at 14). In Plaintiff's opposition to Defendants' motion to dismiss, he suggests that if he cannot name the Hampshire County Superior Court as a defendant, then he should be permitted to amend his complaint to name the Clerk of that court as a defendant (Dkt. No. 23 at 7). Plaintiff's claim against the Hampshire County Superior Court is squarely foreclosed by *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989), in which the Supreme Court held that "a State is not a 'person' within the meaning of § 1983." *Id.* at 64. The holding in *Will* applies to "States [and] governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). State courts are considered "arms of the State" for Eleventh Amendment purposes. *See Marcello*, 464 F. Supp. 2d at 44 (citing *Alyshah v. Supreme Court of Ga.*, CIVIL ACTION FILE NO. 1:06-CV-0929-TWT, 2006 WL 8433679 (N.D. Ga. July 28, 2006) (citing *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155) (11th Cir. 1993))). Plaintiff cannot state a § 1983 claim against the Hampshire County Superior Court, nor does Plaintiff's proposal to substitute the Clerk of the Hampshire County Superior Court as a nominal defendant cure this deficiency. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Permitting Plaintiff to substitute the Clerk of the Hampshire County Superior Court as the defendant who would be subject to an injunction that prohibited the court from entertaining a specific case "would allow [Plaintiff] to circumvent congressional intent by a mere pleading

14

device." *Id.*

Because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *id.*, Plaintiff's claims against the Hampshire Superior Court cannot proceed.

IV. Conclusion

For the reasons set forth above, the court RECOMMENDS that the case be dismissed with prejudice.[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: June 28, 2021

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.